```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SCOTT GUNNELLS,<br><br>   Plaintiff,<br><br> -against-<br><br>MICHAEL JOSEPH TEUTUL, et al.,<br><br>   Defendants. | 19-cv-5331 (JSR)<br>19-cv-5312<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.

  Defendants Orange County Choppers, Inc., Michael Joseph Teutul, and Paul Teutul, against whom the Court entered default judgment in the above-captioned matter on February 18, 2020, have moved to vacate this default judgment. The defendants do so on the ground that their default is attributable to the malfeasance of their attorney, Thomas Vasti, Esq. See Mem. of Law in Support of Mot. to Vacate Default Judgment, ECF No. 70. The Court orders Mr. Vasti to respond to the allegations set forth in plaintiff's moving papers, attached as Exhibit A to this order. Mr. Vasti must do so in the form of a sworn affidavit or declaration that he should file on the docket of the above-captioned matter by no later than June 8, 2020. Mr. Vasti is advised that a failure to respond will be considered an admission of the allegations set forth in the moving papers and therefore may warrant a referral to either this

1

Court's grievance committee or the appropriate state disciplinary committee.

SO ORDERED.

Dated:   New York, NY

         June 1, 2020

_____
United States District Judge

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT GUNNELLS, an individual, | CIVIL ACTION NO. 1:19-cv-05331-JSR |
| Plaintiff | |
| v. | |
| MICHAEL JOSEPH TEUTUL, an individual; PAUL TEUTUL, an individual; ORANGE COUNTY CHOPPERS, INC., a New York Corporation; and DOES 1-10, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO VACATE DEFAULT JUDGMENT**

On the Brief:
Charles J. Stoia, Esq.

4466835

# TABLE OF CONTENTS

    Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY .............. 1

    A.    Plaintiff's Initial Complaint ................................................................. 1

    B.    Plaintiff's Amended Complaint ........................................................... 2

    C.    Dismissal & Reinstatement of Plaintiff's Amended Complaint .......... 3

    D.    Default Judgment ................................................................................. 3

    E.    Plaintiff's Allegations/Claims Are Contested ..................................... 4

LEGAL ARGUMENT ............................................................................................................. 5

    STANDARD ............................................................................................................... 5

POINT I

DEFENDANTS DILIGENTLY PROVIDED NOTICE OF THE ACTION TO COUNSEL AND SHOULD NOT BE PUNISHED FOR COUNSEL'S FAILURE TO ACT ................................................................................................... 6

POINT II

DEFENDANTS HAVE MERITORIOUS DEFENSES ............................... 7

POINT III

PLAINTIFF WILL SUFFER NO PREJUDICE .......................................... 10

CONCLUSION ....................................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

## **CASES**

*Cody v. Melo*, 59 F.3d 13 (2d Cir. 1995) ................................................................. 7

*Gill v. Stolow*, 240 F.2d 669 (2d Cir. 1957) ............................................................ 5

*New York v. Green*, 420 F. 3d 99 (2d Cir. 2005) ............................................... 5, 6, 7

*Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508 (2d Cir. 2001) .................................... 5

*SEC v. McNulty*, 137 F.3d 732 (2d Cir. 1998) ...................................................... 6, 7

*United States v. Cirami*, 563 F.2d 30 (2d Cir. 1977) ............................................. 6

## **STATUTES**

17 U.S.C. §507(b) .................................................................................................. 10

## **RULES**

*Fed. R. Civ. Pro*. 60(b) ....................................................................................... 1, 6

*Fed. R. Civ. Pro*. 60(b)(1) ...................................................................................... 5

*Fed. R. Civ. Pro*. 60(b)(6) ................................................................................... 5, 6

*Fed. R. Civ. Pro.* 60(c)(1) ...................................................................................... 5

## PRELIMINARY STATEMENT

Defendants Orange County Choppers, Inc. ("Orange County"), Michael Joseph Teutul and Paul Teutul (collectively, "Defendants"), respectfully move under *Fed. R. Civ. Pro.* 60(b) to vacate the recent February 18, 2020 Default Judgment entered against them, (ECF No. 67), because: (1) Defendants timely instructed their then counsel to respond to the lawsuit on their behalf, but counsel neglected to do so; (2) Defendants have meritorious defenses; and (3) Plaintiff will suffer no prejudice.

## STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY

### A.  Plaintiff's Initial Complaint

Plaintiff commenced this action for copyright infringement on June 6, 2019. [ECF No. 1.] He allegedly took certain headshots of Michael Teutul, which he claims were then used in Michael's merchandise and on the television show "American Chopper."

Plaintiff allegedly served the Complaint on June 13, 2019 on Orange County, Michael Teutul and Paul Teutul by leaving a copy with a "Jane Doe" at 14 Crossroads Ct., Newburgh, NY 12550, Orange County's business office. [ECF Nos. 11, 13-14.] Plaintiff also allegedly mailed the Complaint to the same address.

At a minimum, neither Orange County nor Paul Teutul was served. [Kevan Bloomgren 8.14.19 email to Thomas Vasti, Esq., **Ex. A** to Declaration of Joan Kay

1

dated May 15, 2020 ("Kay Decl."); August 8-14, 2019 email chain, **Ex. C**. to Kay Decl.; Kay Decl. ¶4., attached as Exhibit 1 to the Declaration of Charles J. Stoia ("Stoia Decl.").]

On August 7, 2019, Plaintiff moved for default judgment against Defendants. [ECF No. 28.] Service of the motion for each Defendant was mailed to 10 Factory St, Montgomery, New York 12549, an incorrect location, different from where service of the Complaint was allegedly made. [ECF No. 28-10; Kay Decl., ¶6.] At least Defendants Orange County and Paul Teutul first learned of this lawsuit when Plaintiff's counsel emailed a copy of the default motion papers to marketing@orangecountychoppers.com. [Kay Decl., ¶4; **Ex. C** to Kay Decl.]

In any event, Defendants promptly asked their counsel, Thomas Vasti, to handle the lawsuit for the Defendants. [*Id.*; *see also* 2.4.20 email from Kay to Vasti, also attached as **Ex. A** to Kay Decl., and 3.24.20 email from Kay to William Mattar, **Ex. B** to Kay Decl.) (describing multiple past discussions with counsel regarding counsel handling lawsuit); Kay Decl., ¶5.] Orange County's COO and then CEO also had discussions with counsel, who assured them he was protecting Defendants' interests. [*Id.*; *see also* Kay Decl., ¶¶5, 7.]

B. <u>Plaintiff's Amended Complaint</u>

The Court denied Plaintiff's motion for default judgment, because all but one of his claims appeared to be six-eight years old, hence time-barred. The Court

2

gave Plaintiff the choice to proceed on his one claim, or amend his Complaint and clarify the timeliness of the alleged violations. [ECF No. 32.] He chose the latter, [ECF No. 33], filing an Amended Complaint on August 30, 2019. [ECF No. 35.]

Plaintiff allegedly served each Defendant with the Amended Complaint on September 25, 2019 by leaving a copy with "Jesse" at 14 Crossroads Ct., Newburgh, NY 12550. [ECF Nos. 45-47.] He also allegedly mailed a copy of the Amended Complaint to defendants Michael and Paul at 14 Crossroads Ct., Newburgh, NY 12550. [*Id.*]

### C.   Dismissal & Reinstatement of Plaintiff's Amended Complaint

On January 3, 2020, the Court dismissed the Amended Complaint because Plaintiff (along with Defendants) failed to appear for a scheduled status conference. [ECF No. 49.] Plaintiff subsequently moved to reinstate his Amended Complaint, citing inadvertent error of counsel. [ECF No. 50 at 7-9.] On January 25, 2020, the Court reinstated the case. [ECF No. 51.]

### D.   Default Judgment

On January 30, 2020, Plaintiff moved for default judgment against Defendants. [ECF Nos. 54-58.] He mailed notice of the motion to each Defendant at 14 Crossroads Ct., Newburgh, NY 12550. [ECF No. 58.]

On February 4, 2010, Defendants promptly wrote counsel: "You were going to file a motion to get us removed. This is where the guy took a picture of Mikey

3

then stated he copyrighted it and is now filing for his name and likeness. Please advise." [Kay Decl., ¶7; **Ex. A**. Defendants believed their counsel was protecting their interests. [Kay Decl., ¶¶5, 7.]

Default Judgement was entered against Defendants on February 18, 2020. [ECF Nos. 67.]

### E. Plaintiff's Allegations/Claims Are Contested

Plaintiff was a friend of defendant, Michael Teutul, and wedding photographer. [Declaration of Michael J. Teutul, dated May 17, 2020 ("Michael Teutul Decl."), ¶3., attached as Exhibit 2 to the Stoia Decl.] Michael was to get married on June 5, 2010; Plaintiff was to photograph the wedding. The wedding, however, was cancelled. [*Id.* at ¶4.] Plaintiff kept half of the deposit for the wedding photography, and to earn that money, he offered to take headshots of Michael, which Michael could then use to sell goods bearing his likeness on his personal "Wolf Gang" art website. [*Id.* at ¶5.] Orange County and Paul Teutul had no involvement or ownership in Michael's Wolf Gang venture. [*Id.* at ¶6.]

Plaintiff photographed Michael in roughly the six months after the canceled wedding event. [*Id.* at ¶7.] Over the next year and a half, Plaintiff stayed at Michael's home when shooting weddings in Michael's area. [*Id.* at ¶8.] Michael's Wolf Gang gallery closed in approximately June 2013. [*Id.* at ¶9.] Michael sold no items from the website. [*Id.*] Plaintiff allegedly registered the photographs

4

with the United States Copyright Office on January 18, 2013. [ECF No. 35, ¶¶ 10, 13, 16, 19, 22, 25, 28, 31, 34, 37.] From his friendship and interactions with Michael, Plaintiff knew Michael was selling goods on his website with images from the photographs, but raised no issues nor claimed Michael was infringing any intellectual property rights until this lawsuit. [Michael Teutul Decl., ¶¶5, 7, 10; Kay Decl., ¶8.]

## LEGAL ARGUMENT

### STANDARD

"General principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default." *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957). There is a "strong preference for resolving disputes on the merits." *New York v. Green*, 420 F. 3d 99, 104 (2d Cir. 2005) (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

Final judgments may be vacated, the determination of which is discretionary, because of "mistake, inadvertence, surprise, or excusable neglect" and "for any other reason that justifies relief." *Fed. R. Civ. Pro.* 60(b)(1) & (6). Such motions must be filed "within a reasonable time," and for mistake, surprise or excusable neglect, "no more than a year after the entry of the judgment." *Fed. R. Civ. Pro.* 60(c)(1).

In evaluating motions under Rule 60(b), courts assess: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *Green*, 420 F.3d at 108.

For applications under Rule 60(b)(6), where counsel's conduct has led to the default, the movant must show "exceptional circumstances" or diligent efforts to induce counsel to fulfill his duty. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *United States v. Cirami*, 563 F.2d 30 (2d Cir. 1977).

All factors are present here.

## POINT I

### DEFENDANTS DILIGENTLY PROVIDED NOTICE OF THE ACTION TO COUNSEL AND SHOULD NOT BE PUNISHED FOR COUNSEL'S FAILURE TO ACT.

This case should proceed on its merits. Defendants' default was not willful. Defendants assigned counsel to handle their defense after learning of the suit from an email from Plaintiff's counsel, spoke to counsel on several occasions about the lawsuit, and specifically followed up with counsel after learning of Plaintiff's January 2020 motion for default. All along, counsel assured them the lawsuit lacked merit and would be dismissed, as the Kay Decl. attests. [Id. at ¶¶5-7.] *See McNulty*, 137 F.3d at 740. And as Plaintiff argued when seeking reinstatement of

6

his Amended Complaint following its dismissal for his failure to appear at a scheduled status conference, Defendants should not be penalized for the mistakes of counsel when they acted appropriately in trying to prevent the default. [*See* ECF No. 50 at 7-9.]

A default judgment is "the most severe sanction which the court may apply," *Green*, 420 F.3d at 104 (citing *Cody v. Melo*, 59 F.3d 13, 15 (2d Cir. 1995)), and under the facts here, unwarranted. "Willfulness" in the context of a default judgment requires "egregious or deliberate conduct." *see id*. at 108. Such "willfulness" was not present here.

## POINT II

### DEFENDANTS HAVE MERITORIOUS DEFENSES.

"To make a sufficient showing of a meritorious defense" on a motion to vacate default judgment, a movant "need not establish his defense conclusively," but present evidence of facts that, "if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (internal citations omitted). Defendants have viable defenses to Plaintiff's claims.

First, while denying any liability, Michael Teutul is the only Defendant to whom Plaintiff's claims are arguably even properly directed. The Amended Complaint, [ECF No. 35], asserts facts of copyright infringement by *Michael Teutul* -- not Paul Teutul or Orange County. In his "Claims Related to Photograph

7

A" and "Claims Related to Photograph B," for instance, Plaintiff claims unauthorized use of his work *to promote Michael Teutul's promotional appearances*." [*Id.* at ¶¶11, 14 (emphasis added).] These allegations relate to alleged misconduct by Michael Teutul on Michael Teutul-related promotional materials, particularly his "Wolf Gang" art.

The same is true of Plaintiff's claims relating to "Photograph D," [*id.* at ¶¶20-21 (alleging unauthorized use *"to promote Michael Teutul's promotional appearances,"* referencing materials relating solely to Michael Teutul) (emphasis added)]; "Photograph E," [*id.* at ¶¶23-24 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis added)]; "Photograph F," [*id.* at ¶¶26-27 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis added)]; "Photograph G," [*id.* at ¶¶29-30 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis added)]; "Photograph H," [*id.* at ¶¶32-33 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis added)]; "Photograph I," [*id.* at ¶¶35-36 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis

8

added)]; and "Photograph J," [*id.* at ¶¶38-39 (alleging unauthorized use *"to promote Michael Teutul's exhibitions of artwork,"* referencing materials relating solely to Michael Teutul) (emphasis added)].

Plaintiff's claims relating to Photographs B, D, E, F, G, H, I, J -- *eight of his ten* claims -- neither reference nor depict Paul Teutul nor Orange County. The Amended Complaint states no facts implicating either Paul Teutul or Orange County in these alleged unauthorized uses. And Plaintiff's claim relating to Photograph A, while referencing an Orange County Facebook page (p. 5), specifically alleges it was "to promote Michael Teutul's promotional appearances." [*Id.* at 11.] No factual basis is plead for the allegation that either Paul Teutul or Orange County "used," "distributed" or "exploited" such images without consent. [*See id.* at ¶42.]

Only Plaintiff's claims relating to "Photograph A" and "Photograph C" even allege unauthorized use of Plaintiff's photos in images also depicting Paul Teutul and/or postings on purported Orange County-related websites. [*See, e.g., id.* at ¶¶17-18 (claiming unauthorized use on "https://orangecountychoppers.com/" and "on the television program 'Orange County Choppers'.").] Yet Default Judgment of $258,484.45 -- or $25k per claim -- was entered against Defendants, jointly and severally, on each of Plaintiff's ten claims ($25k in damages per claim). [ECF No. 67.]

9

Second, Michael disputes Plaintiff's right to ownership of his headshots, and contends the photographs were taken specifically so Michael could use them to sell goods with his likeness, [Michael Teutul Decl., ¶¶5,7, 10], and that Plaintiff was aware he was doing so.

Third, there are fact questions on whether Plaintiff's claims fall outside the three-year statute of limitations. 17 U.S.C. §507(b). Several allegedly infringing acts occurred over three years before the lawsuit. [*See*, *e.g.*, ECF No. 35, ¶¶12, 15, 21.] Plaintiff claims he "discovered" them "on or after October 2017," [*id.*] (emphasis in original), but that raises fact and credibility issues, especially as Michael Teutul asserts Plaintiff specifically took the photographs for Michael to use to sell goods and knew he was doing so. [Michael Teutul Dec., ¶¶5,7, 10.]

The Default Judgment should be set aside, and this matter litigated on the merits.

### POINT III

### PLAINTIFF WILL SUFFER NO PREJUDICE.

Vacating Default Judgment and litigating this case on the merits will cause Plaintiff no prejudice. His initial Complaint was almost entirely time-barred, [ECF No. 32], and Plaintiff sent his initial motion for default (August 7, 2019) to

10

Defendants at an incorrect address (10 Factory St, Montgomery, New York 12549), different from where he directed his initial Complaint.

Further, Plaintiff filed his Amended Complaint on August 30, 2019, [ECF No. 35], but his case was then dismissed for failure to appear for a status conference. [ECF No. 49.] It was not until January 25, 2020 that the Court reinstated Plaintiff's lawsuit, [ECF No. 51], and January 30, 2020 that he moved for default judgment against Defendants. [ECF Nos. 54-58.] Only three months have elapsed since Default Judgment was entered (February 18, 2020), [ECF No. 67], which coincided with the beginning of the COVID-19 pandemic.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Default Judgment be vacated and the case be reinstated.

        Respectfully Submitted,

        **PORZIO BROMBERG & NEWMAN, P.C.**
        156 West 56th Street, Suite 803
        New York, New York 10019
        Tel: 212-265-6888

        *Attorneys for Defendants*
        *Orange County Choppers, Inc.,*
        *Michael Joseph Teutul and Paul Teutul*

        By:    */s/Charles J. Stoia*
                   Charles J. Stoia

Dated: May 20, 2020